**COMMONWEALTH OF
PENNSYLVANIA**

v.

**Lee HILL, Johnny Clark, Floyd Norfleet,
Norman Wilson and Thomas Kelly,
Defendants.**

**Civ. A. No. 70–556.**

United States District Court,
W. D. Pennsylvania.

June 9, 1970.

Robert W. Duggan, Dist. Atty. Allegheny County, Pittsburgh, Pa., for plaintiff.

Harry F. Swanger, Pittsburgh, Pa., for defendants.

## OPINION

GOURLEY, District Judge.

This is a Petition seeking the removal of a criminal proceeding pending in the Criminal Division of the Court of Common Pleas of Allegheny County, Pennsylvania, pursuant to Section 1443 of Title 28 of the United States Code. In the State Court, a Grand Jury has indicted the five petitioners for the common law offense of inciting to riot, stemming from their activities on August 26, 1969, during public demonstrations in support of the Black Construction Coalition's attempt to secure equal employment opportunities in the construction industry.

Upon receipt and review of the Petition, the service and filing of which effectuates removal under the provisions of Section 1446(e) of Title 28 of the United States Code, the Court entered

an Order on the 21st day of May, 1970, summoning the relevant State records and calling for argument upon the legal sufficiency of the Petition. Upon review of the Petition and State records and consideration of the oral arguments and briefs of counsel and the law applicable herein, the Court is of the opinion that the instant criminal proceedings must be remanded to State jurisdiction.

Paragraph five is the essential allegation of the Petition, and it reads as follows:

"5. Petitioners were arrested on Tuesday, August 26, 1969, at approximately 12:00 noon, by police officers of the City of Pittsburgh, *while lawfully and peaceably marching* solely for the purpose of enforcing the affirmatively granted federal equal civil rights set forth above and secured, guaranteed and protected by the Constitution and laws of the United States, to wit the CIVIL RIGHTS ACT and in particular Title 42 United States Code, Sections 1981, 1983, 2000d, and 2000e–2(a) (c) & (d), and the 1st and 14th Amendments of the U. S. Constitution." (Emphasis supplied.)

It is the considered opinion of the Court that the facts as alleged are insufficient upon which to found a removal to this Court under 28 U.S.C. § 1443. The scope of removal under Section 1443 is circumscribed and the limits definitively stated in two companion cases decided by the Supreme Court of the United States, Georgia v. Rachel, 384 U.S. 780, 86 S.Ct. 1783, 16 L.Ed.2d 925 (1965) and City of Greenwood, Miss. v. Peacock, 384 U.S. 808, 86 S.Ct. 1800, 16 L.Ed.2d 944 (1965). Of the two, the latter case governs here.

■ As interpreted by the Supreme Court in *City of Greenwood, Miss. v. Peacock, supra*, at 821, 86 S.Ct. 1800, subsection (2) of Section 1443 permits of removal only by federal officers and those acting under them. It is not alleged that petitioners herein were either federal officers or persons acting under federal officers and, accordingly, if petitioners were entitled to removal, it could only be pursuant to subsection (1) of Section 1443.

■ Subsection (1) affords a right of removal to any person who is denied or cannot enforce in the courts of a State "a right under any law providing for the equal civil rights of citizens of the United States, or of all persons within the jurisdiction thereof." However, it has been made plain in *Georgia v. Rachel, supra*, and *City of Greenwood, Miss. v. Peacock, supra*, that one subjected to State prosecution for conduct allegedly in exercise of rights afforded by the First and Fourteenth Amendments to the Constitution is not within the contemplation of the removal provision.

Interpreting the scope of § 1443, the Supreme Court stated in *Georgia v. Rachel, supra*, 384 at 792, 86 S.Ct. at 1790:

"On the basis of the historical material that is available, we conclude that the phrase 'any law providing for * * * equal civil rights' must be construed to mean any law providing for specific civil rights stated in terms of racial equality. Thus, the defendants' broad contentions under the First Amendment and the Due Process Clause of the Fourteenth Amendment cannot support a valid claim for removal under § 1443, because the guarantees of those clauses are phrased in terms of general application available to all persons or citizens, rather than in the specific language of racial equality that § 1443 demands. As the Court of Appeals for the Second Circuit has concluded, § 1443 'applies only to rights that are granted in terms of equality and not to the whole *gamut of constitutional* rights * * *.' 'When the removal statute speaks of "any law providing for equal rights," it refers to those laws that are couched in terms of equality, such as the historic and the recent equal rights statutes, as distin-

guished from laws, of which the due process clause and 42 U.S.C. § 1983 are sufficient examples, that confer equal rights in the sense, vital to our way of life, of bestowing them upon all.' New York v. Galamision, 342 F. 2d 255, 269, 271. See also Gibson v. [State of] Mississippi, 162 U.S. 565, 585–586 [16 S.Ct. 904, 905, 906, 40 L. Ed. 1075]; [Com. of] Kentucky v. Powers, 201 U.S. 1, 39–40 [26 S.Ct. 387, 399, 400, 50 L.Ed. 633]; City of Greenwood v. Peacock, 384 U.S. 825 [86 S.Ct. (1800) 1811, 16 L.Ed.2d 955]."

In City of Greenwood, Miss. v. Peacock, *supra,* twenty-nine members of a civil rights group engaged in a drive to encourage Negro voter registration in Leflore County, Mississippi, were subjected to state criminal charges including obstructing public streets. While observing that a state prosecution upon a charge of obstructing public streets could, in given circumstances, deny First Amendment rights, the Court denied removal, stating at 825, 86 S.Ct. at 1811:

> "The First Amendment rights of free expression, for example, so heavily relied upon in the removal petitions, are not rights arising under a law providing for 'equal civil rights' within the meaning of § 1443(1). The First Amendment is a great charter of American freedom, and the precious rights of personal liberty it protects are undoubtedly comprehended in the concept of 'civil rights.' Cf. Hague v. C.I.O., 307 U.S. 496, 531–532 [59 S.Ct. 954, 971, 83 L.Ed. 1423] (separate opinion of Stone, J.). But the reference in § 1443(1) is to '*equal* civil rights.' That phrase, as our review in *Rachel* of its legislative history makes clear, does not include the broad constitutional guarantees of the First Amendment."

■ Paragraph five of the Petition herein alleges that petitioners, at the times of their arrests, were marching in the City of Pittsburgh to express support for workers seeking equal employment opportunities in the construction industry. Without more, this conduct arguably may be protected by the First and Fourteenth Amendments to the Constitution. But the activity of marching, albeit for the purpose of expressing publicly the belief in certain equal civil rights afforded by federal laws, is not in itself an activity protected by those federal laws.

■ Although the instant Petition cites Sections 601 and 703 of the Civil Rights Act of 1964,[1] a review of those sections indicates that they afford no specific protection for the conduct of marching, in which petitioners allegedly were engaged. The activities protected by those Sections consist of seeking employment or participation in training or apprenticeship programs but do not include marching or assembling in order to express sentiments publicly.

While removal is to be denied and the instant criminal proceeding remanded to state jurisdiction, petitioners are not precluded from raising defenses under the Constitution and laws of the United States in the state courts. And, should the state courts fail to afford due recognition to the federal constitutional rights of the petitioners, federal review may still be obtained through ultimate appeal to the Supreme Court of the United States or by application in the federal courts for writ of habeas corpus, once state remedies have been exhausted.

An appropriate order is entered.

---

1. 42 U.S.C. § 2000d and 42 U.S.C. § 2000e–2(a) (c) & (d).